# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARLIN THOMAS,                         Case No. 1:12-cv-878
      Petitioner,

                                       Barrett, J.
    vs                          Bowman, M.J.

WARDEN, WARREN              **REPORT AND**
CORRECTIONAL INSTITUTION,     **RECOMMENDATION**
      Respondent.

Petitioner has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On December 3, 2012, the undersigned issued a Deficiency Order because petitioner had neither submitted an *in forma pauperis* application nor paid the $5.00 filing fee required to initiate the action. (Doc. 2). Petitioner was ordered to either pay the $5.00 fee or file a motion for leave to proceed without prepayment of fees, within thirty (30) days. *Id.* Petitioner also was advised that failure to comply with the Order "will result in the dismissal of the action for want of prosecution." *Id.*

To date, more than thirty (30) days later, petitioner has failed to comply with the Court's Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**


   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MARLIN THOMAS,
     Petitioner,

     vs

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
     Respondent.

Case No. 1:12-cv-878

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).