# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARLIN THOMAS,

        Petitioner,    :   Case No. 1:12-cv-878

  - vs -                           District Judge Michael R. Barrett
                                                      Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional Institution,

                                         :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Marlin Thomas brought this habeas corpus action pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Hamilton County Common Pleas Court. He pleads the following ground for relief:

> **Ground One:** Petitioner's right against double jeopardy was violated.
>
> **Supporting Facts:** The charges for which Petitioner was convicted were in essence the same crimes for the purposes of the Double Jeopardy provision which resulted in Petitioner receiving a sentence that amounts to cruel and unusual punishment in contravention of Petitioner's Eighth Amendment rights.

(Petition, Doc. No. 1, PageID 5.)[1]

---

[1] The Court's electronic filing system (CM/ECF) automatically affixes a distinctive page number (shown in the upper right-hand corner as PageID) to each page of each filed document. All future citations to the filed record in this case must refer to the PageID number.

1

**Procedural History**

A Hamilton County grand jury indicted Thomas in January 2001 on four counts of aggravated robbery with firearm specifications, four counts of robbery, three counts of felonious assault with firearm specifications, one count of having a weapon while under a disability, two counts of receiving stolen property, and one count of failure to comply with order or signal of police officer. A jury found him guilty of aggravated robbery with firearm specifications as charged in counts one, four, fourteen and fifteen; guilty of robbery as charged in counts two, five and six; guilty of felonious assault with firearm specifications as charged in counts three, seven and eight; guilty of receiving stolen property charged in count twelve; guilty of having a weapon under disability as charged in count eleven; and not guilty as charged in count ten for fleeing and eluding. He was sentenced to 45.5 years imprisonment. His Eighth Amendment argument was raised in a motion in the trial court to amend the judgment, but was overruled.

Thomas appealed to the Ohio First District Court of Appeals, but his conviction was affirmed. *State v. Thomas,* 2002-Ohio-7333, 2002 Ohio App. LEXIS 7226 (1st Dist. Dec. 31, 2002). The Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Thomas,* 98 Ohio St. 3d 1515 (2003).

In 2009 the Ohio Supreme Court vacated the judgment and remanded this case to the trial court for resentencing and proper imposition of post-release control. On April 29, 2010, Thomas was resentenced to forty-five years imprisonment. On direct appeal he again raised, among other things, the Eighth Amendment claim he makes here. The case was remanded on other grounds and Thomas was resentenced to forty years imprisonment. On appeal this time, he raised a Double Jeopardy claim, but not an Eighth Amendment claim. The First District affirmed on

June 6, 2012.  *State v. Thomas*, Case No. C 1100637.   The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  The Petition here was filed November 13, 2012, within the one-year statute of limitations.  On Magistrate Judge Bowman's Order (Doc. No. 10), the Warden filed a Return of Writ (Doc. No. 14).  In the same order, Judge Bowman set a date for Thomas to file a reply, but he did not do so.

## Analysis

Although the Petition pleads only one ground for relief, the Warden, in an abundance of caution, treats it as raising two claims:  violation of the Double Jeopardy Clause of the Fifth Amendment and violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment.  The Court will analyze these two claims separately.

**Claim One:  Violation of the Double Jeopardy Clause**

Thomas asserts that the crimes of which he was convicted are "in essence" the same crime for purposes of Double Jeopardy.  The facts underlying the conviction were summarized by the First District Court of Appeals as follows:

> **[\*P2]** The facts in this case reveal a vicious crime spree that occurred on December 25, 2000, and resulted in injuries to four victims. At 8:00 p.m. on Christmas night, two masked men exited from a van in the West End neighborhood of Cincinnati, robbed Antwan Davis, and then shot Davis in the back of the leg as he attempted to escape. Forty-five minutes later, in the Northside neighborhood of Cincinnati, two masked men alighted from a van and stole Steven Uhlenbergher's wallet and Mary Burnett's purse. One of the perpetrators pistol-whipped Burnett and shot her in the arm. As the two men were fleeing from the scene in their van, they

> sped past a police cruiser. The police officers pursued the van, and, during this pursuit, the officers witnessed the van crash into a car driven by Anthony Jones. Jones was injured in this accident. Thomas was also injured and was found inside the upturned van in the driver's seat, unconscious, with a gun beneath him.

*State v. Thomas,* 2002-Ohio-7333, 2002 Ohio App. LEXIS 7226 (1st Dist. Dec. 31, 2002). Thus there are four different victims and three temporally separate incidents involved in this crime spree. Thomas has not explained to this Court why he believes these are all essentially the same crime.

The court of appeals' decision on this claim as it was presented to them was as follows:

> **[\*P26]** In his second assignment of error, Thomas argues that he should not have been separately sentenced for the aggravated robbery of Anthony Jones because that offense should have been merged as an allied offense of similar import with the aggravated robbery of Mary Burnett. Thomas was convicted of two counts of aggravated robbery: one, pursuant to R.C. 2911.01(A)(1), for robbing Burnett of her purse while brandishing a weapon, and the other, pursuant to R.C. 2911.01(A)(3), for inflicting physical harm upon Jones as he was fleeing after robbing Burnett. Thomas maintains that the fact that there was only one theft represented "a single course of conduct which should have resulted in one sentence being imposed."
>
> [FN 22 R.C. 2941.25.] We disagree.
>
> **[\*P27]** A strict comparison-of-the-statutory-elements test is now used to determine whether offenses are allied and of similar import. [FN 23 See *State v. Rance*, 85 Ohio St.3d 632, 1999 Ohio 291, 710 N.E.2d 699, paragraph one of syllabus.] If the two offenses each contain a separate element, "the offenses are of dissimilar import and the court's inquiry ends - the multiple convictions are permitted." [FN 24 Id. at 636, 1999 Ohio 291, 710 N.E.2d 699.]
>
> **[\*P28]** Here, a conviction for aggravated robbery pursuant to R.C. 2911.01(A)(1) required proof that the offender, during the commission of a theft or in fleeing from a theft, brandished a gun. A conviction for aggravated robbery under R.C. 2911.01(A)(3)

4

> required that the offender, during the commission of a theft or in fleeing from a theft, "inflicted or attempted to inflict serious physical harm." With the elements of the two offenses compared in the abstract, the (A)(1) offense required brandishing a gun, whereas the (A)(3) offense did not. Instead the (A)(3) offense required actual physical harm or attempted physical harm. As each offense required proof of an element that the other did not, we hold that they were not allied offenses of similar import. The second assignment of error is without merit.
>
> [*P29] In his ninth assignment of error, Thomas asserts that his two convictions for felonious assault with respect to Burnett, pursuant to R.C. 2903.11(A)(1) and (2), involved allied offenses of similar import and, thus, that separate sentences were improperly imposed. The same test set forth in the discussion of the second assignment of error is applicable here.
>
> [*P30] R.C. 2903.11(A)(1) requires an offender to knowingly cause serious physical harm to another. R.C. 2903.11(A)(2) requires that an offender knowingly cause physical harm to another by the use of a deadly weapon. Comparing the elements of each offense in the abstract, as required by *State v. Rance*, we conclude that the (A)(1) offense requires proof of serious physical harm, whereas, for the (A)(2) offense, the physical harm does not have to be serious. Further, the (A)(2) offense requires that the physical harm be caused by a deadly weapon, and that is not an element of the (A)(1) offense. Because each offense requires proof of an element that the other does not, we hold that these offenses were not allied and of similar import. Accordingly, multiple sentences were permitted for the two felonious assaults in this case. The ninth assignment of error is overruled.

*State v. Thomas, supra*, at ¶¶ 26-30.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Although Thomas phrased

this claim in the state courts in terms of Ohio Revised Code § 2941.25, that statute was enacted by the Ohio General Assembly to provide specific statutory protection for the same interests as are protected by the Double Jeopardy Clause.  *State v. Johnson*, 128 Ohio St. 3d 153 (2010). Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not.  *See, e.g.*, *Blockburger v. United States,* 284 U.S. 299 (1932).  At the time the First District first considered this case, a strict comparison of elements was required under Ohio Revised Code § 2941.25.  *See Rance, supra.*  Having made that elements comparison, the court found that the crimes of which Thomas was convicted did indeed have different elements. That finding is not contrary to the decision in *Blockburger* nor an objectively unreasonable application of *Blockburger*:  examination of the statutes shows that there are indeed different elements involved.  Thus Thomas' first claim is without merit and should be dismissed with prejudice.

**Claim Two:  Cruel and Unusual Punishment**

This claim was raised as the seventh assignment of error on direct appeal.  The court of appeals decided it as follows:

> **[\*P31]** In the seventh and final assignment of error, Thomas maintains that the trial court erred in sentencing him to a cumulative forty-five-year term of imprisonment. Specifically, Thomas asserts that the trial court's order that he was to serve all of the sentences consecutively was cruel and unusual punishment. We disagree.
>
> **[\*P32]** "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment. * * * [Further,] it is generally accepted that punishments which are prohibited by the Eighth Amendment [to the United States Constitution] are limited to torture or other barbarous punishments,

> degrading punishments unknown at common law, and punishments which are so disproportionate to the offense as to shock the moral sense of the community. * * * Where the offense is slight, more may be prohibited than savage atrocities. However, the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." [FN 25 *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 69-70, 203 N.E.2d 334.]
> **[\*P33]** A review of the record and the felony sentencing worksheet completed by the trial court demonstrates that consecutive sentences were properly imposed. The court found that the sentences were necessary to protect the public and to punish the offender, and that they were not disproportionate to the seriousness of the offender's conduct. [FN 26 See R.C. 2929.14(E)(4).] It also made the appropriate findings under R.C. 2929.14(E)(4) and provided its rationale for the findings. In light of the viciousness of the crime rampage, we are persuaded that the sentences were not disproportionate to the seriousness of Thomas's conduct. Accordingly, we hold that the record supports the consecutive sentences and that the sentences did not constitute cruel and unusual punishment. The seventh assignment of error is overruled, and the judgment of the trial court is affirmed.

*State v. Thomas, supra*, ¶¶31-33.

The Eighth Amendment does not require a strict proportionality between the crime and sentence. Rather, it only prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957 (1991)(plurality opinion); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000). The gross disproportionality principle is applicable only in the exceedingly rare and extreme case. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A sentence within the statutory maximum generally does not constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298 (6th Cir. 2000); *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

The First District thus determined that all of the sentences imposed on Thomas were within the statutory maximum sentences authorized by the Ohio legislature. As such, they do not

7

offend the Cruel and Unusual Punishment Clause.  Put another way, the decision of the court of appeals is neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent.  The Second Claim should also be dismissed with prejudice.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

January 22, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985)