# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MARLIN THOMAS,

        Petitioner,      :      Case No. 1:12-cv-878

  - vs -                          District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

WARDEN, Warren
  Correctional Institution,

                                 :
        Respondent.

## REPORT AND RECOMMENDATIONS

       This habeas corpus case, brought *pro se* by Petitioner Marlin Thomas, is before the Court on his Motion for Relief from Judgment (ECF No. 21) and simultaneously filed Objections (ECF No. 20) to the Report and Recommendations (the "Report," ECF No. 16).

       The docket reflects that the Report recommending dismissal with prejudice was filed January 22, 2014, more than six and one-half years ago. The Clerk mailed a copy to Thomas which he says he never received (Motion, ECF No. 21, PageID 603); the mail was never returned by the Postal Service. Thomas never filed objections within the seventeen days allowed by law and Judge Barret adopted the Report and dismissed the case (ECF Nos. 17, 18). The Clerk mailed these items to Thomas by certified mail. Although he claims he never received them either, the certified mail receipt is on file (ECF No. 19). Thomas did not appeal.

       As further proof of his lack of knowledge of the judgment, he claims he had no friends or family to inquire and entering his name in the prison legal research system produced no results

1

(Motion, ECF No. 21, PageID 603).  However, the Report is published in both the LEXIS and Westlaw systems.  *Thomas v. Warden*, 2014 U.S. Dist. LEXIS 7954 * | 2014 WL 235194 (S.D. Ohio Jan. 22, 2014). Judge Barrett's Order is also published *Thomas v. Warden*, 2014 U.S. Dist. LEXIS 28162 (S.D. Ohio Mar. 5, 2014).  He claims he wrote to the Clerk but never received a response; no copy is attached nor was the original ever apparently received.  In sum, Thomas's claims that he did not know about the judgment are not credible.

Petitioner relies on *Powell v. Berghuis*, 2006 U.S. Dist. LEXIS 34640 (E.D. Mich. May 31, 2006).  In that case District Judge Zatkoff accepted petitioner's objections although they were fifty days late even though judgment had already been entered.   Petitioner claimed he had not received notice and the Court reviewed them on the merits without any discussion of the credibility of petitioner's claim of lack of notice.  The court denied Powell's motion for relief from judgment.  *Powell* does not support granting relief in this case because, contrary to Thomas's assertion, the motion for relief from judgment was denied in that case despite the claimed lack of notice.

Thomas brings his Motion under Fed.R.Civ.P. 60(b) which provides

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>     (6) any other reason that justifies relief.

Thomas does not specify any applicable subsection of the Rule, but his Objections claim the Report made an error of law. Judgments infected with legal error can be corrected under Fed.R.Civ.P. 60(b)(1) for "mistake."

However, two obstacles prevent granting Thomas relief under Fed.R.Civ.P. 60(b)(1). The first is that Fed.R.Civ.P. 60(c) requires that any motion under 60(b)(1) be brought within one year of the entry of judgment. Thomas's Motion is more than five and one-half years too late.

The second obstacle is that there is no legal error embedded in the judgment. Thomas pleaded one claim in his habeas corpus petition, to wit, that his sentences on separate counts of aggravated robbery violated the Double Jeopardy Clause. As the Report related

>     Thomas asserts that the crimes of which he was convicted are "in essence" the same crime for purposes of Double Jeopardy. The facts underlying the conviction were summarized by the First District Court of Appeals as follows:
>
>     [*P2] The facts in this case reveal a vicious crime spree that occurred on December 25, 2000, and resulted in injuries to four victims. At 8:00 p.m. on Christmas night, two masked men exited from a van in the West End neighborhood of Cincinnati, robbed Antwan Davis, and then shot Davis in the back of the leg as he attempted to escape. Forty-five minutes later, in the Northside neighborhood of Cincinnati, two masked men alighted from a van and stole Steven Uhlenbergher's wallet and Mary Burnett's purse. One of the perpetrators pistol-whipped Burnett and shot her in the arm. As the two men were fleeing from the scene in their van, they sped past a police cruiser. The police officers pursued the van, and, during this pursuit, the officers witnessed the van crash into a car driven by Anthony Jones. Jones was injured in this accident. Thomas was also injured and was found inside

3

> the upturned van in the driver's seat, unconscious, with a gun beneath him.
>
> *State v. Thomas,* 2002-Ohio-7333, 2002 Ohio App. LEXIS 7226 (1st Dist. Dec. 31, 2002). Thus there are four different victims and three temporally separate incidents involved in this crime spree. Thomas has not explained to this Court why he believes these are all essentially the same crime.

(Report, ECF No. 16, PageID 588-89.)

Thomas in his Objections relies on *State v. Johnson*, 120 Ohio St. 3d 320 (2008)[1]. In that case the Ohio Supreme Court summarily reversed a conviction, holding

> The judgment of the court of appeals is reversed, on the authority of *State v. Brown*, 119 Ohio St.3d 447, 2008 Ohio 4569, 895 N.E.2d 149, as to the court of appeals' holding on appellant's fourth assignment of error below to the extent that the two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2), and the two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (3), were respectively held to not be allied offenses of similar import under R.C. 2941.25(A).

*Id.*

But neither *Johnson* nor *Brown* on which it relies is of any assistance to Thomas in this case. The claim Thomas made to the First District was:

> **[\*P26]** In his second assignment of error, Thomas argues that he should not have been separately sentenced for the aggravated robbery of Anthony Jones because that offense should have been merged as an allied offense of similar import with the aggravated robbery of Mary Burnett. Thomas was convicted of two counts of aggravated robbery: one, pursuant to R.C. 2911.01(A)(1), for robbing Burnett of her purse while brandishing a weapon, and the other, pursuant to R.C. 2911.01(A)(3), for inflicting physical harm upon Jones as he was fleeing after robbing Burnett. Thomas maintains that the fact that there was only one theft represented "a single course of conduct which should have resulted in one sentence being imposed."

---

[1] This is a different Supreme Court of Ohio case from the *State v. Johnson* case, reported at 128 Ohio St. 3d 153 (2010), that overruled *State v. Rance, State v. Rance,* 85 Ohio St.3d 632 (1999).

*State v. Thomas, supra*. Regardless of whether aggravated robbery and felonious assault are or can be allied offenses of similar import when committed against one victim, they are never allied offenses when committed against two different victims, even when committed in the same "course of conduct." A gunman with an automatic weapon on the stage of a crowded theater only has to do one act – pulling the trigger one time – to shoot and kill many people. Each death is a murder and neither the Double Jeopardy Clause nor Ohio Revised Code § 2941.25 has ever made it otherwise.

**Conclusion**

Petitioner's Motion for Relief from Judgment should be denied because it is extremely untimely and because the objections he would present are without merit. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 22, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

5

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.